UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SMITH,<br><br>        Plaintiff,<br><br>        v.<br><br>ARDEW WOOD PRODUCTS, LTD., A British Columbia, Canada corporation, BRIDGE TERMINAL TRANSPORT CANADA, INC., a Mississauga, Ontario, Canada corporation and MG CATCHPOLE TRUCKING, a British Columbia, Canada company,,<br><br>        Defendant. | Case No. C07-5641 FDB<br><br>ORDER GRANTING BRIDGE TERMINAL TRANSPORT CANADA INC'S. MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT ARDEW WOOD PRODUCTS, LTD'S AFFIRMATIVE DEFENSES |

      This matter comes before the Court on motion for partial summary judgment by Plaintiff to dismiss Defendant Ardew Wood Products, Ltd's. (Ardew) affirmative defenses and motion for summary judgment by Defendant Bridge Terminal Transport Canada, Inc's. (Bridge Terminal) to dismiss Plaintiff's claims against it.  Having considered the pleadings filed in support and in opposition, the Court grants the motion for summary judgment of Defendant Bridge Terminal and denies the motion of Plaintiff to dismiss affirmative defenses, except that the dismissed party, Bridge Terminal, cannot be allocated fault.

ORDER - 1

## INTRODUCTION AND BACKGROUND

This is a personal injury action. Plaintiff, Richard Smith, is a longshoreman. It is alleged that on or about January 23, 2005, Smith's work assignment was to operate a "hustler" to move cargo containers that had been offloaded from a ship. The shipping containers are offloaded by crane onto a chassis that is connected to the hustler and moved about the yard. Plaintiff suffered injury when the hustler tipped over. Plaintiff initially asserted liability solely on the part of Defendant Ardew for failure to properly load the container by failing to provide shoring; thus, permitting the load to shift causing the tip-over. In response to Plaintiff's discovery requests, Defendant Ardew admitted to having stowed the cargo inside the container that was involved in the accident. Ardew named MG Catchpole Trucking and Bridge Terminal as entities that may be liable for proportionate shares of fault for Plaintiff's injuries. Plaintiff amended his complaint to named these two entities as additional defendants. Ardew filed an answer to the amended complaint setting forth affirmative defenses as follows: (1) failure to state a claim for which relief may be granted, (2) failure to mitigate damages, (3) damages caused by conduct of Plaintiff, (4) third party liability, and (5) claims barred by statute of limitations.

The Court entered a scheduling order setting the trial date of May 11, 2009, discovery cut-off date of January 12, 2009, and dispositive motion cut-off date of February 10, 2009.

On April 29, 2008, Plaintiff filed the instant motion seeking dismissal of Ardew's affirmative defenses consisting of (1) failure to state a claim, (2) failure to mitigate damages, (4) third party liability, and (5) statute of limitations. Plaintiff asserts that Ardew has presented no evidence or legal theory that would show that a third party could be liable for Plaintiff's claim or in support of any other affirmative defense.

Defendant Bridge Terminal then filed a motion for summary judgment asserting that Plaintiff had admitted in his motion for summary judgment that Bridge Terminal was not responsible for Plaintiff's alleged damages. Plaintiff's response to Bridge Terminal is that Plaintiff does not object to

ORDER - 2

the Court entering summary judgment on any claim against Bridge Terminal, as long as the order fully adjudicates all claims of fault on the part of Bridge Terminal, including Defendant Ardew's allegation that Bridge Terminal may be an at fault party. Defendant Ardew did not respond to Bridge Terminal's motion.

In response to Plaintiff's motion to dismiss affirmative defenses, Ardew asserts that evidence on record demonstrates that Plaintiff and/or his employer likely are at fault. Concerning third party liability and the other affirmative defenses, Ardew indicates that Plaintiff has yet to be disposed and Plaintiff's medical records have yet to be produced. Ardew argues that, at a minimum, it should be granted additional time for discovery prior to the Court's consideration of the motion to dismiss affirmative defenses.

**SUMMARY JUDGMENT STANDARDS**

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. <u>Addisu v. Fred Meyer</u>, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. <u>Matsushita Elect. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the non-moving party demonstrates that it needs additional discovery to oppose a summary judgment motion, the court has wide discretion to deny summary judgment or grant additional time for the non-moving party to conduct discovery. Fed. R. Civ. P. 56(f); <u>Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine</u>, 323 F.3d 767, 773-74 (9th Cir. 2003). That is, a

ORDER - 3

party must have an adequate opportunity to develop its claims or defenses before summary judgment is appropriate.

### Plaintiff's Motion to Dismiss Affirmative Defenses

Plaintiff's motion for partial summary judgment is premature. At bottom, Plaintiff's motion is an attempt to gain the Court's preemptive ruling to bar Defendant Ardew from negating the causation and fault elements of Plaintiff's claim. The court notes, as a general matter, that a defendant is entitled to shepherd evidence and attempt to prove that the "empty chairs" named in a lawsuit are at fault because they acted or failed to act in a way that created a foreseeable risk of harm and ultimately were a proximate cause of the injuries alleged. See, e.g., Geurin v. Winston Industries, Inc., 316 F.3d 879, 884 (9th Cir. 2002) (reversing district court's partial summary judgment on manufacturer's affirmative defense of third-party liability where discovery still open). Indeed, state court rules in effect when Defendant Ardew answered Plaintiff's interrogatories, require parties to plead such an affirmative defense or risk waiver. Wash. Super. Ct. Civ. R. 12(I). Discovery in this matter does not close until January 12, 2009. Defendant is entitled to the opportunity to conduct discovery in support of it's affirmative defenses.

Accordingly. Plaintiff's motion for summary judgment seeking dismissal of Ardew's affirmative defenses will be denied without prejudice.

### Defendant Bridge Terminal's Motion for Summary Judgment

Defendant Bridge Terminal's motion for summary judgment is unopposed by Plaintiff. Indeed, Plaintiff has not presented any evidence or legal theory supporting a claim of liability against this defendant. Further, Defendant Ardew has not responded to Bridge Terminal's motion. Although named by Defendant Ardew as a possible at fault party, Ardew has not opposed the motion for dismissal or requested additional time to conduct discovery in relation to this motion. Ardew's silence may be considered an acquiescence to Bridge Terminal's motion. No evidence has been presented that Bridge Terminal is an at-fault party. As such, Bridge Terminal's conduct cannot

ORDER - 4

1  be considered a proximate cause of any alleged injury suffered by Plaintiff. If an entity's conduct is
2  not a proximate cause of any injury, then that entity is not a party to whom fault can be allocated.
3  See, RCW 4.22.015. Accordingly, Bridge Terminal is entitled to summary judgment dismissing
4  Plaintiff's claims against it and the remaining Defendants cannot allocate fault to Bridge Terminal.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to dismiss Ardew's affirmative defenses is denied and Defendant Bridge Terminal's motion for summary judgment of dismissal is granted.

ACCORDINGLY;

IT IS ORDERED:

(1) Plaintiff's Motion for Summary Judgment on Affirmative Defenses [Dkt. # 25] is **DENIED** without prejudice.

(2) The Motion for Summary Judgment by Defendant Bridge Terminal Transport Canada, Inc. [Dkt. # 27] is **GRANTED** and all claims against it dismissed with prejudice. Defendant(s) cannot allocate fault to Bridge Terminal Transport Canada, Inc.

DATED this 3rd day of June, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5