UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SMITH,

    Plaintiff,

v.

ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation, and MG CATCHPOLE TRUCKING, a British Columbia, Canada company,

    Defendants.

Case No. C07-5641 FDB

ORDER DENYING DEFENDANTS' MOTION TO TAKE ADDITIONAL WITNESS DEPOSITIONS

This matter comes before the Court on Defendants' motion to take additional depositions. The Court, having reviewed the motion, response, reply, and the remaining record, is fully informed an hereby denies the motion for the reasons that follow.

A party may take up to ten depositions without obtaining leave of the court. Fed. R. Civ. P. 30(a)(2)(A). The party seeking leave to take more than ten depositions will be granted such leave if the request is consistent with Rule 26(b)(2). Under Rule 26(b)(2) the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

ORDER - 1

stake in the litigation, and the importance of the proposed discovery in resolving the issues.

A party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary. Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996); Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999). To that end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A). Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule. Archer Daniels, at 586 (a party should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others); also Whittingham v. Amherst College, 163 F.R.D. 170, 171 (D. Mass. 1995).

The Defendants failure to comply with these prerequisites renders the Court unable to grant the requested relief on the record. It is impossible for Defendants to demonstrate that particularized showing in this case because, to date, Defendants have only taken the Plaintiff's deposition. Defendants can at this point only speculate as to what the other nine depositions they are permitted to take by rule will reveal.

Additionally, in requesting the additional depositions, Defendants do not directly address the criteria nor do they make any particularized showing of why the depositions are necessary. Parties are required to exhaust less expensive and burdensome means of discovery before resorting to a request for relief from Rule 30's restrictions. Defendants have identified, at a minimum, seven necessary depositions and seek authority to dispose the additional eight longshoremen fact witnesses. Defendants, however, fail to adequately explain why these depositions are necessary to rebut Plaintiff's claims. Defendants instead rely on very generalized bases in support of the motion, none of which warrant exceeding the ten deposition limit. The assertion that Defendants should not have

ORDER - 2

to face trial witnesses without having first deposed them does not amount to a particularized showing as contemplated by the Rule 30(a)(2)(A). Defendants indicate that "on information and belief the longshoremen are likely friendly to the plaintiff." The number of potential witnesses and the mere possibility that they may favor the Plaintiff does not justify deposing every one. Many of them may duplicate each other's testimony. Moreover, Defendants may be able to obtain all of the information they need through the discovery allowed by the Federal Rules, thereby rendering additional depositions duplicative and unnecessary.

It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved. Parties must also take into account the standard ten deposition limit in making that assessment. And only after that process has borne out will the parties truly appreciate whether extraordinary discovery, as contemplated in Defendants' motion, will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A). That process has clearly not been exhausted in this case. Without more information about the need for additional depositions, and without a showing that alternative means of discovery have been exhausted, the Court is unwilling to expand the number of depositions beyond the allotted ten.

ACCORDINGLY;

IT IS ORDERED:

Defendants' Motion for Leave of Court to Take Additional, Brief, Fact Witness Depositions Dkt. #42] is **DENIED** without prejudice

DATED this 6th day of November, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3