UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SMITH,

    Plaintiff,

v.

ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation, and MG CATCHPOLE TRUCKING, a British Columbia, Canada company,

    Defendants.

Case No. C07-5641 FDB

ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSES

This matter comes before the Court on Plaintiff's motion for summary judgment on Defendant Ardew Wood Products, Ltd.'s affirmative defenses numbered: (1) failure to state a claim for which relief could be granted; (2) failure to mitigate damages; (4) negligence and/or breach of contract of one or more third parties; and (5) claims are barred by the statute of limitations. The Court, having reviewed the motion, response, reply, and the remaining record, is fully informed and hereby grants relief as follows.

**Introduction and Background**

This lawsuit arises from a vehicle overturn accident at the APM Terminal at the Port of Tacoma. At the time of the accident, Plaintiff was working as a longshoreman, operating a hustler with an attached trailer, on which a container of lumber was loaded. Plaintiff alleges that the cargo shifting within the container caused the container and hustler to overturn. Plaintiff claims that

ORDER - 1

Defendant Ardew Wood Products, Ltd (Ardew) improperly loaded the container by not providing shoring, and that he suffered injury as a result. In answer to the complaint, Defendant Ardew plead a number of affirmative defenses: (1) failure to state a claim, (2) failure to mitigate damages, (3) contributory negligence and/or breach of contract by Plaintiff, (4) third party negligence and/or breach of contract, and (5) statute of limitations.

On June 3, 2008, Plaintiff's motion for summary judgment on Defendant's affirmative defenses was denied without prejudice by the Court under Fed. R. Civ. P 56(f), to allow the parties to complete further discovery. [Dkt. # 39]. Discovery has been conducted and Plaintiff has renewed the motion.

**Summary Judgement Standard**

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, at 322-23. Rule 56(e) compels the nonmoving party

ORDER - 2

to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or denials of [the party's] pleading." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp</u>., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. <u>Anderson</u>, at 249.

**Failure to State a Claim For Which Relief Could be Granted**

Defendants have raised an affirmative defense based on Plaintiff's failure to state a claim upon which relief may be granted, essentially alleging that Plaintiff has not as yet established a right to recovery against Ardew. In order to survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' " <u>Clemens v. DaimlerChrysler Corp</u>., 534 F.3d 1017, 1022 (9th Cir. 2008). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. <u>Smith v. Jackson</u>, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations embrace whatever specific facts might be necessary to support them . <u>Peloza v. Capistrano Unified Sch. Dist</u>., 37 F.3d 517, 521 (9th Cir. 1994).

Plaintiff's amended complaint sufficiently alleges facts that constitute a cause of action for negligence. Defendant has set forth no evidence that Plaintiff can prove no set of facts in support of the negligence claim. Accordingly, the affirmative defense (1) failure to state a claim is subject to summary judgment of dismissal.

**Failure to Mitigate Damages**

The doctrine of mitigation of damages prevents an injured party from recovering damages that the injured party could have avoided if it had taken reasonable efforts after the wrong was committed. <u>Bernsen v. Big Bend Elec. Coop</u>., 68 Wn.App. 427, 433, 842 P.2d 1047 (1993); <u>Cobb v. Snohomish County</u>, 86 Wn.App. 223, 230, 935 P.2d 1384 (1997). Person asserting an

ORDER - 3

unreasonable failure to mitigate damages bears the burden of proof. Cox v. Keg Restaurants U.S., Inc., 86 Wn.App. 239, 244, 935 P.2d 1377 (1997).

Defendant argues that Plaintiff unreasonably failed to mitigate his damages because he refused work assignments that he could have undertaken or has continued to aggravate his knee on-the-job, despite and presumably being able to find less-physically taxing work. Defendant also assets that there is evidence that Plaintiff may not have been as responsible or reasonable about his treatment s he should have been, and that he has been engaging in physical activities without his doctor's approval.

The Court finds genuine factual issues exist as to whether Plaintiff mitigated his claimed damages resulting from alleged negligent conduct of Defendant Ardew.. The jury will determine whether Ardew met its burden of establishing failure to mitigate. Plaintiff's motion to dismiss affirmative defense (2) failure to mitigate damages is denied.

**Negligence and/or Breach of Contract of One or More Third Parties**

A defendant is entitled to shepard evidence and attempt to prove that an "empty chair" named in a lawsuit is an at fault entity because it acted or failed to act in a way that created a foreseeable risk of harm and ultimately was a proximate cause of the alleged injury. See Geurin v. Winston Industries, Inc., 316 F.3d 879, 884 (9th Cir. 2002). Defendant Ardew has conceded that no evidence exists supporting a claim of negligence against Co-defendant MG Catchpole Trucking.[1] The sole remaining third party that Ardew asserts is responsible for the loss is Plaintiff's employer, APM Terminal.

The Plaintiff is a longshoreman entitled to benefits under the Longshore and Harbor Workers' Compensation Act., 33 U.S.C. § 904. Under the Act, and RCW 4.22.070(1), an at-fault defendant is not entitled to allocate fault to an injured plaintiff's employer. Esparza v. Skyreach

---

[1] Co-defendant Bridge Terminal Transport Canada, Inc. was previously dismissed from the action and fault may not be allocated to this entity.

ORDER - 4

Equipment, Inc., 103 Wn.App. 916, 936, 15 P.3d 188 (2000). However, Ardew is entitled to establish that it is not at fault by establishing that negligent conduct of Plaintiff's employer, APM Terminal, was the sole proximate cause of Plaintiff's injuries. See Edgar v. City of Tacoma, 129 Wn.2d 621, 630, 919 P.2d 12136 (1996).

Other than the possible negligence of Plaintiff's employer, Defendant Ardew has failed to raise a genuine issue of material fact as to any third-party fault. Accordingly, Plaintiff is entitled to summary judgment on Defendant's affirmative defense (4) the allocation of fault to third parties. However, Ardew is entitled to present evidence and argument tending to establish that APM Terminal is the sole negligent party as opposed to any alleged negligence of Defendant Ardew.

**Statute of Limitations**

Defendant Ardew has voluntarily withdrawn the affirmative defense (5) that the statute of limitations bars Plaintiff's claims. No evidence exist that the claims are barred by any statutory period of limitations. Thus, Plaintiff is entitled to judgement on affirmative defense (5) statute of limitations.

**Conclusion**

For the above stated reasons, Plaintiff's motion for summary judgment on Defendant's affirmative defenses is granted in part and denied in part. Summary judgment on the affirmative defenses (1) failure to state a claim, (4) allocation of negligent fault to third parties, and (5) statute of limitations, is granted and these defenses dismissed from the action. Defendant Ardew may introduce evidence and argue that Plaintiff's employer was the sole at-fault party and thus, Ardew is not at fault. Summary judgment on the affirmative defense (2) failure to mitigate damages is denied. Defendant has raised a material issue of fact exist as to whether Plaintiff failed to mitigate damages.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motion for Summary Judgment on Defendant's Affirmative Defenses is granted in

ORDER - 5

part and denied in part:

1. Summary judgment is GRANTED on affirmative defenses (1) failure to state a claim, (4) allocation of negligent fault to third parties, and (5) statute of limitations. These affirmative defenses are dismissed from the action.

2. Summary judgment is DENIED on affirmative defense (2) failure to mitigate damages.

DATED this 5th day of January, 2009

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6