UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SMITH,

    Plaintiff,

v.

ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation, and MG CATCHPOLE TRUCKING, a British Columbia, Canada company,

    Defendants.

Case No. C07-5641 FDB

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING MEDICAL EXPENSES

This matter comes before the Court on Plaintiff's motion for partial summary judgment regarding medical expenses. The Court, having reviewed the motion, response, reply, and the remaining record, is fully informed an hereby denies the motion for the reasons that follow.

**Introduction and Background**

Plaintiff, Richard Smith is a longshoreman, and on January 23, 2005 he was injured when the "hustler" he was operating to transport a shipping container tipped over in the shipyard. It is alleged in the complaint that the tip-over and resulting injuries were caused by the improper loading of the container by Defendant Ardew Wood Products, Ltd.

After the accident, Dr. Richard Johnson examined Plaintiff. Subsequently, Dr. Johnson reviewed the medical records relating to Plaintiff's treatment. On December 8, 2009, Plaintiff identified Dr. Johnson as an expert witness. A one-and-a-half page Declaration of Dr. Johnson

ORDER - 1

dated December 4, 2008, provides his analysis of the reasonable and necessary treatment of Plaintiff. Dr. Johnson states that (a) he is familiar with what is reasonable and necessary care for patients from other health care providers and with the reasonable charges for such care, (b) he examined Plaintiff on July 10, 2006 for the injuries resulting from the January 23, 2005 accident, (c) he reviewed the medical records for the treatment of Plaintiff's injuries from his January 23, 2005 accident and that he has sufficient information to determine if the treatment was necessary, the charges reasonable, and that the treatment and charges were causally related to the January 23, 2005 accident, and (d) his review of the summary of medical expenses, together with the referenced documentation, provide him with the opinion that the summarized expenses [$45,521.02] represent reasonable charges for necessary treatment for the care of Plaintiff caused by the job injury on January 23, 2005.

On February 2, 2009, Plaintiff's counsel advised that Dr. Johnson would be submitting additional expert opinions that might materially alter Plaintiff's medical damages claim. On February 6, 2009, two weeks before the discovery cutoff date of February 20, Plaintiff produced additional medical records for treatment of Plaintiff between September 10, 2008 and February 3, 2009. These records reflect medical conditions not previously disclosed, including forthcoming knee replacement surgery for both knees, and names treating physicians not previously disclosed. On February 18 and 19, 2009, just before the close of discovery, Plaintiff produced "addendums" to Dr. Johnson's report. These addendum refer to an updated medical examination performed by Dr. Johnson on January 26, 2009. The updated report and medical examination document forthcoming right-knee replacement surgery and additional left-knee surgery.

Plaintiff presently moves for an order granting partial summary judgment as to the reasonableness and necessity of the medical expenses incurred as a result of the January 23, 2005 injury.

ORDER - 2

**Summary Judgement Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc., 210 F.3d 1099 (9th Cir. 2000). Once the movant has made this showing, the burden shifts to the party opposing summary judgment to "designate specific facts showing there is a genuine issue for trial." Celotex, at 323. Generally, summary judgment should be denied where credibility bears on an issue of material fact. See, SEC v. Koracorp Indust., 575 F.2d 692, 699 (9th Cir. 1978). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, at 255. The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, Masson v. New Yorker Magazine, Inc., 501 U.S. 496. 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might find for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, partial summary judgment is inappropriate. Anderson, at 248.

ORDER - 3

**Reasonable and Necessary Medical Expenses**

A plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total of all bills paid. Patterson v. Horton, 84 Wn. App. 531, 543, 929 P.2d 1125 (1997). The plaintiff must prove that medical costs were reasonable and, in doing so, cannot rely solely on medical records and bills. In other words, medical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and the bills were both necessary and reasonable. Id. Proof of medical expenses need not be unreasonably exacting, and may come from any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof. Kennedy v. Monroe, 15 Wn. App. 39, 49-50, 547 P.2d 899 (1976).

Plaintiff has set forth evidence that Dr. Johnson has familiarity with and understanding of medical procedures and the treatment and services provided to Plaintiff. He has opined that the treatment was necessary and costs thereof reasonable. Evidence that the expenses were necessary and reasonable, however, does not shift the burden to Defendant that they are not. The defense has questioned the cause and severity of Plaintiff's injuries and the thoroughness and credibility of Dr. Johnson's opinion. While the defense has presented no physical evidence to suggest that Plaintiff were not injured, there are inconsistent statements regarding the cause and severity of their injuries. Because the jury is the appropriate body to weigh evidence and evaluate both lay and expert witness credibility, there is a issue of material fact as to the reasonable and necessary medical expenses incurred in the treatment of Plaintiff for the January 23, 2005 accident.

Further, the Court notes that the trial would not be simplified as a result of a partial summary judgment. Subsequent to Dr. Johnson's review of the medical bills, Plaintiff has received additional treatment that the jury will be required to determine as reasonable and necessary.

ACCORDINGLY;

IT IS ORDERED:

ORDER - 4

Plaintiff's' Motion for Partial Summary Judgment Regarding Medical Expenses [Dkt. #73] is **DENIED**.

DATED this 5th day of March, 2009.

                                                FRANKLIN D. BURGESS
                                                UNITED STATES DISTRICT JUDGE

ORDER - 5