UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SMITH,

    Plaintiff,

v.

ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation, and MG CATCHPOLE TRUCKING, a British Columbia, Canada company,

    Defendants.

Case No. C07-5641 FDB

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE PLAINTIFF'S EXPERT CHARLES LEWIS

This matter comes before the Court on Defendant's motion for summary judgment and motion to exclude Plaintiff's expert witness Charles Lewis. The Court, having reviewed the motion, response, reply, and the remaining record, is fully informed an hereby denies the motion for summary judgment and the motion to exclude the expert for the reasons that follow.

**Introduction and Background**

Plaintiff Richard Smith is a longshoreman whose primary vocation ti operation of tractor power units (hustlers) to transport containers within the Port of Tacoma. Defendant Ardew Wood Products, Ltd., (Ardew) is a wood processing facility in British Columbia, Canada. In January 2005, Ardew arranged for ocean shipment from the Port of Tacoma to Japan of a container it had loaded with bundles of stacked lumber planks. On January 23, 2005, Plaintiff was assigned to transport Ardew's container from a storage area to shipside fort loading.

ORDER - 1

Plaintiff alleges that has he transported the container across the hustler tipped over. It is that the tip-over and resulting injuries were caused by the improper loading of the container by Defendant Ardew Wood Products, Ltd. Plaintiff asserts that the accident was caused by the absence of "shoring" within Ardew's container that would have prevented the shifting of the cargo. Plaintiff contends that the stacked bundles of lumber shifted while he was negotiating a turn, causing an imbalance within the container the resulted in the container and attached hustler to overturn.

Both parties have named marine surveyor and accident reconstruction experts regarding whether shoring was appropriate and whether the lack thereof caused the accident.

It is Plaintiff's proposed accident reconstruction expert, Charles Lewis, that Defendant seek to exclude. Absent the testimony of Mr. Lewis, Defendant asserts there is no evidence suggesting the accident was caused by improper loading of the container by Ardew.

Plaintiff responds that based on both lay and expert witness testimony, there is sufficient evidence of causation to defeat summary judgment. Plaintiff also contends that there exist a sufficient basis for Charles Lewis' expert opinion.

Plaintiff supports his position with the initial stevedore injury/damage report which states that there were no unsafe acts performed by Plaintiff and that the cause of the accident was improper loading of the container. The Plaintiff also provides testimony that the accident was caused by the shifting of the load. An eye witness to the accident testifies that Plaintiff did nothing wrong in his operation of the hustler at the time of the accident; Plaintiff had stopped then was proceeding in a slow, wide turn when the container began to lean and tipped over. The dock foreman, with approximately 38 years of experience, testifies that there should have been shoring inside the container that would have prevented the shifting of the load and resulting tip-over. Plaintiff's marine surveyor expert testifies that the manner in which the container was loaded did not conform to industry standards and the shifting of the lumber within the container could not be discounted as contributing to the roll over accident.

ORDER - 2

Plaintiff's accident reconstruction expert, Charles Lewis presents the following opinion regarding causation:

> Ultimately, I conducted an HVE analysis test based upon the specifications and data that were obtained by defense expert witness, Robert Sheibe. When using the data I determined that, following the radius of his curves at 12 m.p.h., the combination vehicle did not overturn on its own. Further, my examination has led me to conclude that this roll over accident was the result of the improper loading 0of the lumber in the container. This load should have had scrap pallets or other packing materials placed in the gaps in order to keep the load from shifting and thus preventing a roll over during towing with Hustler-type dock maneuvering vehicle.

It is this opinion and the report of Charles Lewis that Defendant seeks to exclude as speculative and conclusory.

**Expert Opinion**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony at trial:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In assessing whether an expert has the appropriate qualifications, the court considers whether the expert has some special knowledge, skill, experience, training, or education on the subject matter. United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000). In deciding whether to admit scientific testimony or evidence, the trial judge must ensure that any and all scientific testimony or evidence admitted is relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). Scientific evidence is reliable if it is based on an assertion that is grounded in methods of science. The focus is on principles and methodology, not conclusions. Id., at 595-96. In Daubert, the Supreme Court listed four non-exclusive factors for consideration in the reliability analysis: (1) whether the scientific theory or technique can be and

ORDER - 3

1 has been tested; (2) whether the theory or technique has been subjected to peer review and

2 publication; (3) whether a particular technique has a known potential rate of error; and (4) whether

3 the theory or technique is generally accepted in the relevant scientific community. Id. at 593-94.

4       In Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999), the Supreme Court

5 extended Daubert's standard of evidentiary reliability to all experts, not just scientific ones. That

6 standard requires a valid connection to the pertinent inquiry as a precondition to admissibility.

7 Where such testimony's factual basis, data, principles, methods, or their application are called

8 sufficiently into question, the trial judge must determine whether the testimony has a reliable basis

9 in the knowledge and experience of the relevant discipline. Id.

10       In making his ultimate opinion, Mr. Lewis utilized HVE software. He testifies that this

11 software employs a scientific method well recognized in his industry as an accurate and reliable

12 source regarding accident reconstruction. Defendant's own reconstruction expert utilized this same

13 software in his analysis of the accident. Thus it appears that the competing experts used the same

14 data and methods in reaching opposing conclusions.

15       Defendant offers the competing opinion of its own expert as support for the conclusion that

16 Mr. Lewis' testimony should be categorically excluded as based on an unreliable methodology.

17 That the experts disagree as to their ultimate conclusions is not a basis for excluding an expert. The

18 competing opinions of the opposing experts go to the weight, and not the admissibility, of the

19 evidence. The Court will deny this request and allow the jury to determine the weight of the

20 experts' opinions.

21       Plaintiff's expert witness Charles Lewis' opinion meets the criteria of Fed. R. Evid. 702 for

22 admission.

**Causation**

24       Defendant seeks dismissal of this action on the basis of the lack of evidence that its method

25 of loading the container was a caus of the roll-over accident. As previously noted Plaintiff has

26 ORDER - 4

presented evidence, both lay and expert, that raises a material issue of fact as to whether the method of loading of the container permitted a shifting of the load and caused the resulting roll-over accident. The issue of causation is primarily an issue of fact and therefore is normally determined by a jury. <u>Hines v. United States</u>, 60 F.3d 1442, 1450 (9th Cir. 1995). "Questions of proximate causation are issues of fact which are properly left to the jury if reasonable persons could reach different conclusions." <u>George v. City of Long Beach</u>, 973 F.2d 706, 709 (9th Cir. 1992).

The Court finds that there exists a material issue of fact as to causation, precluding summary judgment on this issue.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion for Summary Judgment [Dkt. # 77] is **DENIED**.

Defendant's Motion to Disqualify Plaintiff's Expert Charles Lewis [Dkt. # 77] is **DENIED**.

DATED this 6th day of March, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5