UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation, and MG CATCHPOLE TRUCKING, a British Columbia, Canada company,<br><br>　　　　　Defendants. | Case No. C07-5641 FDB<br><br>ORDER DENYING DEFENDANT ARDEW WOOD PRODUCTS, LTD.'S MOTION TO EXCLUDE PLAINTIFF'S UNTIMELY DISCLOSED EVIDENCE AND TESTIMONY |

This matter comes before the Court on Defendant Ardew Wood Products, Ltd.'s (Ardew) motion to exclude untimely disclosed evidence and testimony. Specifically, Defendant moves to preclude Plaintiff's accident reconstruction expert Charles Lewis from testifying about expert opinions, conclusions and test results he has, or later may have, that were not disclosed in his Fed. R. Civ. P. 26(a)(2)(B) report and February 17, 2009 deposition. Ardew further moves to exclude Plaintiff from offering evidence and testimony at trial regarding medical treatment, conditions, expenses, and general damages related thereto, that were not the subject of timely produced discovery. The Court, having reviewed the motion, response, reply, and the remaining record, is fully informed and hereby denies the motion for the reasons that follow.[1]

---

[1] The Court notes with concern the number motions filed in this action. This case appears to present rather straight-forward issues of causation and damages. The costs incurred by the parties in counsels' presentation of these pretrial motions must rapidly be approaching the overall value of

ORDER - 1

## Supplemental Expert Reports

Defendant Ardew anticipates that Plaintiff's accident reconstruction expert Charles Lewis intends to perform additional testing and to reach additional conclusions to offer at trial. Ardew seeks to exclude this anticipatory expert evidence pursuant to Fed. R. Civ. P. 37(c)(1). This exclusionary rule provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The exclusion sanction is "self-executing" and "automatic." <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp</u>., 259 F.3d 1101, 1106 (9th Cir.2001) However, two express exceptions ameliorate the harshness of Rule 37(c)(1). The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. <u>Id</u>.

Rule 37(c)(1) references noncompliance with Rule 26(a) and (e). Rule 26(a)(2) provides that a party must disclose to other parties "the identity of all expert witnesses who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(B) further adds that: "Unless as otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report prepared and signed by the witness. The report must contain a complete statement of all opinions to be expressed and the basis and reasons therefor ..." With respect to the timing of expert disclosures, Rule 26(a)(2) (C) provides that: "A party must make these disclosures at the times and in the sequence that the court orders."

Plaintiff has complied with these provisions in regard to the disclosure of Charles Lewis and the submission of his report. Mr. Lewis has also been subject to deposition.

Fed. R. Civ. P. 26(e)(2) governs the supplementation of expert reports. It provides, in

---

the case. Further restraint is cautioned. Motions regarding the admission or exclusion of evidence at trial are more properly addressed by way of motion in limine at the pretrial conference. Any additional motions of this nature will be considered as such and deferred until pretrial conference.

ORDER - 2

pertinent part:

> For an expert whose report must be disclosed under Rule 26(a) (2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

The referenced rule 26(a)(3)(B), in turn, requires pretrial disclosures to be made at least 30 days before trial. Trial is scheduled for May 26, 2009. Accordingly, the deadline for supplementing the expert report and/or deposition testimony is April 23, 2009.

The Court will not speculate as to whether Plaintiff intends to supplement the expert testimony of Charles Lewis or whether such a supplement will be in violation of the discovery rules. The Court does caution however, that Rule 26(e) does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' initial report. See Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 635 (D. Haw. 2008); Beller ex rel. Beller v. United States, 221 F.R.D. 689, 695 (D. N.M. 2003).

Accordingly, Defendant's motion to exclude supplemental testimony of Charles Lewis is denied. Should Plaintiff file supplemental testimony or reports, Defendant may renew its motion to exclude in the form of a motion in limine that will be addressed at the pretrial conference.

**Supplemental Medical Information**

The Court's scheduling order provides that Expert Witness Disclosure/Reports under FRCP 26(a)(2) are due by December 8, 2008. The discovery deadline in this matter was February 20, 2008. As part of Plaintiff's expert witness disclosures, Dr. Richard Johnson was named as a medical expert and his medical report was disclosed. Dr. Johnson had examined Plaintiff on July 10, 2006. Dr. Johnson prepared a report and determined that Plaintiff would eventually be in need of a knee replacement.

On January 26, 2009, Dr. Johnson re-examined Plaintiff and determined the need for

ORDER - 3

additional surgeries that were not disclosed in his initial report. Defendant was notified on that same date that there may additional medical information as it relates to Plaintiff's injuries and that an updated medical report would be provided as soon as available. On February 6, 2009 additional medical records were provided to Defendant. These records are dated at various times between September 10, 2008 and February 3, 2009. On February 18, 2009, Plaintiff produced to Ardew an Addendum to Dr. Johnson's medical report. A second addendum to Dr. Johnson's report was provided on February 19, 2009.

The scheduled deposition of Dr. Johnson was scheduled to take place on February 3, 2009. Upon being advised that additional medical information was forthcoming, Defendant canceled the deposition of Dr. Johnson pending review of the forthcoming supplemental medical report. Defendant informed Plaintiff that if he sought recovery for more significant medical damages than were previously reported, Defendant would likely request an independent medical examination of Plaintiff and/or additional discovery. Defendant also informed Plaintiff that if he had been aware of these additional items of damages for any substantial period of time without supplementing discovery responses, Ardew reserved the right to seek exclusion of this additional damage claim.

Ardew has not sought an extension of the discovery deadline for the purposes of deposing Dr. Johnson or obtaining an IME. Instead, Defendant seeks to exclude this supplemental medical evidence as untimely produced discovery. Defendant asserts that some of these newly disclosed supplemental medical records, documenting conditions not previously disclosed, were known to Plaintiff as early as November, 2008. Thus, Ardew contends that Plaintiff failed to make a timely disclosure.

Although the medical records were disclosed subsequent to Plaintiff's initial disclosures and Dr. Johnson's initial medical report, these materials were disclosed prior to the discovery cutoff. Thus, Plaintiff contends that the supplemental information was timely disclosed. Further, even if considered untimely, Plaintiff asserts the timing of the disclosure was both harmless and

ORDER - 4

substantially justified.  In this regard, Plaintiff points to the information in Dr. Johnson's initial report indicating that Plaintiff would eventually require additional knee surgery and the continuing progression of Plaintiff's injuries as both notice to Defendant of the potential of additional medical treatment and justification for supplementation of the medical records and expert's report.

As previously noted, Rule 37(c)(1) provides that"[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."  The Ninth Circuit has explained that, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."  <u>Yeti by Molly v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).  The test under Rule 37 requires a court to analyze (1) the public's interest in expeditious resolution of litigation; (2) a court's need to manage its docket; (3) risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  <u>Wander v. Johnston</u>, 910 F.2d 652, 656 (9th Cir. 1990).

In this case, the Court finds it inappropriate to exclude the supplemental medical evidence. The supplemental medical reports and Dr. Johnson's addendum were provided to Defendant prior to the discovery cutoff, or within the time expressly allotted for such supplementation under the rules. See Fed. R. Civ. P. 26(e)(1) and (2).  Plaintiff informed Ardew that additional medical information was forthcoming and that Dr. Johnson would be supplementing his report.   Although Plaintiff alleges untimely disclosure, Plaintiff states that all information was presented to Plaintiff as soon as it was obtained by Dr. Johnson.

Moreover, the Court finds that the record belies Ardew's claim of prejudice.  To the extent that the supplemental medical reports and medical expert report addendum espouse additional injury claims, Defendant was presented with the opportunity to depose Dr. Johnson on the subject of his

ORDER - 5

report and addendum, and Ardew apparently chose not to do so, foregoing the very discovery it now argues the supplemental medical information necessitates. Given these facts, the Court finds a lack of prejudice. See <u>Talbert v. City of Chicago</u>, 236 F.R.D. 415, 421 (N.D. Ill. 2006) (explaining that absent some greater harm to the report's opponent, sound discretion counsels that such supplemental reports be filed); <u>Mathers v. Northshore Mining Co.</u>, 217 F.R.D. 474, 483 (D .Minn. 2003) (finding no severe prejudice as a result of an untimely supplemental report even though the report's opponent relied on an initial report in preparing for summary judgment).

Further, the Court finds that in this instance, the public policy favoring disposition of cases on their merits outweighs the Court's need to manage its docket and the desire for expeditious resolution of this matter.

In conclusion, the Court finds Ardew's requested exclusionary sanctions to be inappropriate in this case. This determination aside, the Court does find it appropriate to allow Ardew the opportunity to conduct further discovery regarding the additional medical evidence and opinions set forth in the addendum to Dr. Johnson's report. Given the approaching trial date, it may be necessary to continue the trial date. The parties will advise the Court accordingly.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion to Exclude Untimely Disclosed Evidence and Testimony [Dkt. #81] is **DENIED**.

DATED this 23rd day of March, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6