UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| RICHARD SMITH, | |
|---|---|
| Plaintiff, | |
| v. | Case No. C07-5641 FDB |
| ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation | ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: MEDICAL EXPERT FEES |
| Defendant.. | |

This matter comes before the Court on Plaintiff Richard Smith's motion for a protective order. Specifically, Plaintiff moves to preclude Defendant's medical expert witness, Dr. Michael Battaglia from requiring Plaintiff to submit a $3,000.00 pre-payment before agreeing to schedule a deposition and billing Plaintiff $1,500.00 per hour for deposition testimony. The Court, having reviewed the motion and the remaining record, is fully informed and hereby grants the motion for the reasons that follow.

**Introduction and Background**

This lawsuit arises from a vehicle overturn accident at the APM Terminal at the Port of Tacoma. At the time of the accident, Plaintiff was working as a longshoreman, operating a hustler with an attached trailer, on which a container of lumber was loaded. Plaintiff alleges that the cargo shifting within the container caused the container and hustler to overturn. Plaintiff claims that Defendant Ardew Wood Products, Ltd (Ardew) improperly loaded the container by not providing

ORDER - 1

shoring, and that he suffered injury as a result. Ardew denies these claims.

On April 30, 2009, Defendant's medical expert, Dr. Battaglia evaluated Plaintiff and subsequently prepared a report. Plaintiff sought to depose Dr. Battaglia regarding his medical findings and opinion. Plaintiff was informed that Dr. Battaglia required a $3,000.00 prepayment prior to scheduling his deposition and that his hour fee for deposition testimony is $1,500.00.

The Plaintiff's three medical witness are treating physician Dr. Robert Kunkle, Dr. H. Richard Johnson, and Dr. Jonathan Ritson. The hourly costs for Plaintiff's respective medical witnesses range between $700.00 and $750.00 per hour.

Plaintiff asserts that Dr. Battaglia's billing rate of $1,500.00 per hour and $3,000.00 deposit poses an undue expense on Plaintiff and should be reduced so as to be comparable to other medical experts involved in this litigation. The Defendant has not filed a response to the motion.

**Entitlement to Reasonable Expert Witness Fees**

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery," unless manifest injustice would result. See Fed. R. Civ. P. 24(b)(4)(C). What constitutes a "reasonable fee" for an expert witness at deposition lies within the court's sound discretion. Edin v. The Paul Revere Life Ins. Co., 188 F.R.D. 543, 545 (D. Ariz. 1999).

In determining a reasonable fee for an expert under Rule 24(b)(4)(C), several factors may be relevant: (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. See U.S. Energy Corp. v. Nukem, Inc., 163 F.R.D. 344, 345-46 (D. Colo. 1995). See also Mathis v. NYNEX, 165 F.R.D. 23, 24-25 (E.D. N.Y. 1996); Jochims v.

ORDER - 2

Isuzu Motors, Ltd., 141 F.R.D. 493, 496 (S.D. Iowa 1992). The court must assure that there is some reasonable relationship between services rendered by the expert responding to discovery and the remuneration to which the expert is entitled. Grady v. Jefferson County Bd. of County Com's, 249 F.R.D. 657, 662 (D. Colo. 2008).

After analyzing the relevant factors, the Court concludes that Dr. Battaglia's deposition fees are unreasonably high. Initially, the Court notes that Dr. Battaglia is unquestionably a highly skilled and knowledgeable expert witness as he is a board-certified orthopedic surgeon. The third factor, however, the prevailing rates of other comparably respected available experts, troubles the Court.

In this case, Plaintiff has shown that his three medical witnesses are comparable to Dr. Battaglia in the area of expertise: general orthopedics and orthopedic surgery. Nonetheless, Plaintiff's experts charge a fee half that of Dr. Battaglia. The Defendant, not having responded to this motion, has provided nothing about Dr. Battaglia's expertise or proposed deposition testimony that would justify such a disparity in fees.

Under these circumstances the Court must be guided by the limited information in the record. "[W]hile a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." Grady v. Jefferson County Bd. of County Com's, 249 F.R.D. 657, 662 (D. Colo. 2008)(expert medical witness fee of $2,000 per hour reduced to reasonable fee of $600 per hour). See also Young v. Global 3, Inc., 2005 WL 1423594 (D. Colo. May 26, 2005).(expert medical physician witness's fee of $1,200.00 per hour for deposition testimony reduced to reasonable fee of $500.00 per hour.).

Although it is stated in the record that Dr. Battaglia 's requested deposition fees exceed the amount Dr. Battaglia charged Defendant for Plaintiff's examination, there is no information as to the amount actually charged to the Defendant for retaining Dr. Battaglia, or the amounts Dr. Battaglia charges on related matters. As to the nature, quality and complexity of the discovery that

ORDER - 3

will be provided by Dr. Battaglia in deposition, nothing is revealed in the record.

In the absence of any persuasive support offered by Defendant, the Court must conclude that the deposition hourly rate of $1,500.00 and the pre-scheduling fee of $3,000.00 is excessive and unreasonable. A reasonable hourly rate of compensation for Dr. Battaglia's deposition is $750.00.

**Conclusion**

Accordingly, for the forgoing reasons, Plaintiff's motion for a protective order to prohibit excessive expert medical witness fees is granted. The Court finds that a reasonable hourly rate for Dr. Battaglia's deposition is $750.00.

ACCORDINGLY;

IT IS ORDERED:

(1) Plaintiff's Motion for Protective Order Re: Defendant's Medical Expert's Unreasonable Fees [Dkt. # 108] is **GRANTED**. Plaintiff shall not be required to pay $3,000.00 prior to the scheduling of Dr. Battaglia's deposition. Further, the reasonable hourly fee for Dr. Battaglia's deposition shall be $750.00 per hour.

(2) Dr. Battaglia shall make himself available to be deposed by Plaintiff before the July 24, 2009 discovery cut-off, or as soon thereafter as is practical. If necessary, the discovery cut-off date shall be extended to the extent reasonably necessary to obtain the deposition of Dr. Battaglia.

DATED this 20th day of July, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4

ORDER - 5