# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RICHARD SMITH,

        Plaintiff,

   v.

ARDEW WOOD PRODUCTS, LTD., a British Columbia, Canada corporation,

        Defendant.

Case No. 07-5641RJB

ORDER RE PLAINTIFF'S MOTION TO RETAX COSTS

This matter comes before the Court Plaintiff's Motion to Retax Costs (Dkt. 193). The Court has considered the relevant documents and the remainder of the file herein.

On November 6, 2009, Judgment was entered by the Court in this case. Dkt. 190. On November 16, 2009, the Defendant filed a Bill of Costs, which was noted for November 25, 2009. Dkt. 191. The Bill of Costs included a request that the Clerk of Court tax costs. The Plaintiff did not respond as contemplated by the Western District of Washington Local Rule CR 54(d)(2), but that does not appear to be a condition precedent to the filing of a Local Rule CR 54(d)(4) appeal. On November 30, 2009, an Order granting Defendant's Bill of Costs was entered by Joseph Whiteley, Deputy-in-Charge, for Bruce Rifkin, Clerk of Court. Dkt. 192. On December 3, 2009, Plaintiff filed a Motion to Retax Costs pursuant to Local Rule CR 54(d)(4). Dkt. 193.

In Plaintiff's motion, he argues that the Defendant failed to file a "Motion for Costs" in accordance with Local Rule CR 54. Dkt. 193, p. 1. The Plaintiff claims that he was unaware of Defendant's motion and did not file an objection. *Id*. The Plaintiff now requests opportunity to

ORDER - 1

object. *Id.*

The Plaintiff makes four objections to the Defendant's Bill of Costs. Dkt. 193. The Plaintiff asserts (1) that the Defendant waived costs by not filing a proper motion; (2) that the costs were not sufficiently specified so that the nature of the cost were understood; (3) that the costs for depositions, subpoenas and witness fees which were not used for trial should not be taxed; and (4) that depositions that were only partially used at trial should be prorated. Dkt. 193.

Defendant responds by stating that the Motion for Bill of Costs was procedurally and substantively proper. Dkt. 194. Defendant argues that Plaintiff was not unaware of the Motion for the Bill of Costs because Plaintiff received notice via CM/ECF when the Bill of Costs was filed. *Id.* Additionally, the Defendant argues that the deposition, transcripts and subpoena fees were correctly awarded because it is at the Court's discretion to award such items.[1] *Id.* Finally, the Defendant asserts that the costs were appropriately specified. *Id.*

Fed.R.Civ.P. Rule 54 states that a "claim for attorney's fees and related nontaxable expenses *must* be made by motion." (*emphasis added*). Local Rule CR 54(d)(1)[2] states that a party seeking to recover costs "shall, within twenty days after the entry of judgment, file and serve a motion for costs." "If the party in whose favor judgment is rendered fails to file a motion for costs, all costs, other than statutory costs, shall be deemed to be waived." Local Rule CR 54(d)(1).

Plaintiff argues that what was submitted by the Defendant was not a motion. Defendant argues that nothing in the rules mandates that the word "motion" or other specific language appear in a motion for it to be effective as such. This Court deems any request to the Court in a case to be a motion. However, Local Rules CR 7 and CR 10 set forth how motions *should* be formatted and filed. Defendant's counsel is reminded that while the Court may provide forms to the parties on a website for their convenience, it is up to counsel to ensure what they submit to the Court conforms to the Federal Rules and Local Rules of Civil Procedure.

---

[1] The Judge, not the Clerk of Court, may exercise authority of discretion.

[2] Citing to the Local Rule then in effect.

ORDER - 2

Upon review of the Defendant's Motion for the Bill of Costs (Dkt. 191) by the Court, there appears to sufficient information to put opposing counsel on notice, including the case caption, the case number, the noting date, and description of what was requested. Even if the motion was defective in some way or if the Defendant was confused as to the requirements of the Rules, the Federal Rules of Civil Procedure state that the Rules should be construed liberally to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed.R.Civ.P. Rule 1. As such, the Defendant's filing should be construed a motion in the interest of justice.

Proof of service is required pursuant to Local Rule CR 5(f). *See also* U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases, Amended 06/30/09, Section III. D. ("A certificate of service on all parties entitled to service or notice is still required when a party files a document electronically."). Even though there is no evidence of a certificate of service or acknowledgment of service as required by Local Rule CR 5(f), the Court should consider the motion served on opposing counsel since opposing counsel was a registered participant in CM/ECF, and opposing counsel did get an email receipt of the filing. *See Id.* ("If the recipient is a registered participant in ECF, receipt of the Notice of Electronic Filing shall constitute service pursuant to the Federal Rules.").

Regardless of the procedural confusion that Local Rule CR 54 may have caused regarding the filing of the Motion for Costs, all parties have had opportunity to make their arguments, and the Court will rule on the merits of the pleadings. The Court has reviewed the pleadings and the supporting documentation for the Bill of Costs in this matter.

The Court can not determine from the Bill of Costs filed (Dkt. 191) which costs that were allowed by the Clerk of Court are consistent with Fed.R.Civ.P. 54 and Local Rule CR 54. Therefore, the Clerk of Court's Order allowing costs (Dkt. 192) should be stricken, and Defendant may file an itemized, detailed Bill of Costs and any supplemental briefing by January 6, 2010, justifying the costs pursuant to Local Rule CR 54, Fed.R.Civ.P. 54, and 28 U.S.C. § 1920, et seq. The Plaintiff may respond by January 19, 2010, and any reply may be filed by January 22, 2010. The issue will be noted for consideration on this Court's calendar for January

ORDER - 3

22, 2010.  These remaining proceedings regarding costs will be part of the Local Rule CR 54(d)(4) appeal and will be handled by the undersigned rather than the clerk.

For the foregoing reasons, the Court does hereby **ORDER**:

(1) Parties are directed to file documents as outlined in this Order;

(2) Order on Bill of Costs (Dkt. 192) is **STRICKEN**; and

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of December, 2009.

_____
Robert J Bryan
United States District Judge